UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GIAUNIE HENDRIX, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LENOVO (UNITED STATES) INC.,<br><br>Defendant. | No. 2:25-cv-1663<br><br>NOTICE OF REMOVAL<br>(King County Superior Court<br>Case No. 25-2-22005-2 SEA) |

TO: Clerk, United States District Court for the Western District of Washington

AND TO: Giaunie Hendrix, and his Attorneys of Record

Defendant Lenovo (United States) Inc. ("Lenovo"), hereby gives notice that it is removing the above-captioned case, originally filed in the Superior Court for King County, Case No. 25-2-22005-2 SEA, to the United States District Court for the Western District of Washington. Lenovo removes the case pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 on the grounds set forth below.

1. On August 1, 2025, Plaintiff Giaunie Hendrix, acting individually and on behalf of a purported class of persons he seeks to represent, served the Complaint and Summons on Lenovo's registered agent, CT Corporation System. Pursuant to 28 U.S.C. § 1446(a), a copy of the proof of service and Summons and Complaint is attached as Exhibit A. The documents that comprise Exhibit A constitute all process, pleadings, and orders served upon Lenovo. *See* 28 U.S.C. § 1446(a). Pursuant to LCR 101(b), the Complaint is separately attached as Exhibit B.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

2. Removal of this action is therefore timely because Lenovo filed this Notice of Removal within 30 days after the service of the Summons and Complaint. *See* U.S.C. § 1446(b); Fed. R. Civ. P. 6(a).

3. Lenovo removes this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453, on the basis that (a) this action is a proposed "class action" as defined in 28 U.S.C. § 1332(d)(1)(B); (b) at least one member of the proposed class is a citizen of a state different than Lenovo; (c) the number of members of the proposed class is not less than 100; and (d) the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs.

**Proposed Class Action**

4. Plaintiff brings this case as a proposed class action, Compl. ¶¶ 8, 47–54 (Ex. B), and appears to seek certification of the putative class under Washington Superior Court Civil Rule ("CR") 23 (*id.*). Washington courts have long held that CR 23 and its federal counterpart are "substantially similar." *See, e.g.*, *Summers v. Sea Mar Cmty. Health Ctrs.*, 541 P.3d 381, 388 (Wash. Ct. App. 2024). Therefore, this action is a proposed "class action" under 28 U.S.C. § 1332 (d)(1)(B), defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative person as a class action."

**Minimal Diversity**

5. Under 28 U.S.C. § 1332(d)(2)(A), a district court may assert jurisdiction over a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." Such minimal diversity exists among the parties here.

6. As alleged in the Complaint, Plaintiff is domiciled in Washington. Compl. ¶ 7. Plaintiff seeks to represent a class that comprises the following: "all Washington residents who received promotional emails from Lenovo with subject lines advertising sales or discounts on Lenovo products." *Id.* ¶ 47.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

7. Lenovo is incorporated in Delaware with its principal place of business in North Carolina (as Plaintiff acknowledges, Compl. ¶ 9). Thereby, Lenovo is a citizen of Delaware and North Carolina for purposes of diversity of citizenship. No other defendants are named in this action. Accordingly, complete diversity exists between (i) Plaintiff, a Washington citizen, and the putative class he seeks to represent and (ii) Lenovo, thereby satisfying the requirement of minimal diversity under 28 U.S.C. § 1332(d)(2)(A).

**The Putative Class Numbers Not Less than 100**

8. The number of members of the class that Plaintiff proposes is not less than 100 persons. *See* 28 U.S.C. § 1332(d)(5)(B). Plaintiff alleges that "[t]here are at least thousands of Class members in Washington." Compl. ¶ 49.

**The Amount in Controversy Is Over $5,000,000**

9. "In a class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). This is an "action in which the matter in controversy exceeds the sum or value of $5,000,000." 28 U.S.C. § 1332(d)(2).

10. "In measuring the amount in controversy, a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *see also Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (same). "[T]he amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (citation omitted) (emphasis in original).

11. Where, as here, a complaint fails to state an amount in controversy, "the defendant's notice of removal may do so," and the defendant need only submit a short and plain statement that "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). That statement "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. If "the defendant's



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

assertion of the amount in controversy is challenged by plaintiffs in a motion to remand, the Supreme Court has said that both sides submit proof and the court then decides where the preponderance lies." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015).

12. Here, Plaintiff seeks "the greater of actual damages and statutory damages of $500 per email that violates CEMA," and "treble damages, which are permitted under the CPA, including for CEMA violations." Compl. ¶ 79. Plaintiff also seeks"[r]easonable attorney's fees" under the CPA and injunctive relief. *Id.* ¶¶ 77, 80, 82. The Court may consider these types of alleged damages, aggregated on a class-wide basis, when conducting the amount-in-controversy calculation. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (injunctive relief and state law claims authorizing attorneys' fees may be taken into account when determining the amount in controversy for federal diversity jurisdiction).

13. Plaintiff alleges that that he "frequently receives multiple emails from Defendant in a single week," and "Defendant has sent at least thousands of emails to Washington residents." Compl. ¶ 42. Plaintiff also alleges that the putative class consists of "thousands of Class members." *Id.* ¶ 49.

14. Without conceding and outright denying any purported liability, based on reasonable assumptions, Lenovo's business records indicate that, between July 29, 2021 and the present date, more than 12,000 of the emails at issue in Plaintiff's Complaint were sent to Washington residents. With $500 in alleged minimum damages per email, the amount in controversy exceeds $5,000,000, even before accounting for Plaintiff's requested attorney's fees, treble damages, or injunctive relief. Accordingly, the alleged aggregated damages, fees, and costs Plaintiff seeks surpass CAFA's $5,000,000 amount-in-controversy requirement.

**Removal Is Proper**

15. Pursuant to 28 U.S.C. § 1453, a suit over which a district court would have original jurisdiction under CAFA may be removed to federal court from state court, as provided by 28 U.S.C. §§ 1441(a) and 1446(a). Because this Court could have asserted original jurisdiction over this case, Lenovo is entitled to remove the present action to the Court.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

16. King County Superior Court lies within the Western District of Washington. 28 U.S.C. § 128. Accordingly, removal to this district is proper. *See* 28 U.S.C. § 1441(a). The Seattle Division is the proper division for this matter, as it is being removed from King County. *See* LCR 3(e)(1).

17. Pursuant to 28 U.S.C. § 1446, written notice of the filing of this Notice of Removal and the removal of the state court action will be served on Plaintiff through his counsel of record. A copy of this Notice of Removal is being filed promptly with the Clerk of the King County Superior Court, as required by 28 U.S.C. § 1446(d).

18. The removal of this action terminates all proceedings in the Superior Court. *See* 28 U.S.C. § 1446(d).

19. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Lenovo's right to assert any defense. Lenovo reserves the right to assert all applicable claims and defenses in response to the Complaint.

**<u>LCR 101(b) Requirements Are Met</u>**

20. In accordance with LCR 101(b), Lenovo has filed contemporaneously with this Notice of Removal a copy of the operative Complaint, which is separately attached as Exhibit B. A certificate of service which lists all counsel who have appeared in the action with their contact information, including email addresses, is appended to the end of this Notice of Removal. Lenovo has also filed a completed Civil Cover Sheet, which the Court's ECF system will automatically append to this Notice of Removal in ECF.

WHEREFORE, the above-entitled action is removed from the King County Superior Court to the United States District Court for the Western District of Washington.

//

//



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 29th day of August, 2025.

Davis Wright Tremaine LLP
*Attorneys for Lenovo (United States) Inc.*

By *s/ Lauren B. Rainwater*
Lauren B. Rainwater, WSBA #43625

By *s/ Rachel Herd*
Rachel Herd, WSBA #50339

By *s/ Caleah N. Whitten*
Caleah N. Whitten, WSBA #60209

By *s/ Katie Chan*
Katie Chan, WSBA #56970

920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Telephone: 206-622-3150
E-mail: laurenrainwater@dwt.com
E-mail: rachelherd@dwt.com
E-mail: caleahwhitten@dwt.com
E-mail: katiechan@dwt.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of August, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and I hereby certify that a copy was emailed and mailed by United States Postal Service to the following counsel.

Cody Hoesly, WSBA #41190
BARG SINGER HOESLY PC
121 SW Morrison St., Suite 600
Portland, OR 97204
Tel.: 503-241-3311
E-mail: choesly@bargsinger.com

Jonas B. Jacobson, WSBA #62890
Martin Brenner, *pro hac vice* forthcoming
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Tel.: 310-656-7066

E-mail: jonas@dovel.com
E-maill: martin@dovel.com

*Attorneys for Plaintiff*

DATED this 29th day of August, 2025.

By s/ *Lauren B. Rainwater*
Lauren B. Rainwater, WSBA #43625